IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:10-00224-02

ALONZO RICHARD DIXON
    also known as "Zo"

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Alonzo Richard Dixon's *pro se* Motion for Compassionate Release (ECF No. 210) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Section 3582"). The Court directed the United States to respond and to produce Defendant's medical records (ECF No. 212). On September 21, the United States filed its response (ECF No. 213) and Defendant's medical records under seal (ECF No. 216). For the reasons stated below, the Court **DENIES** Defendant's motion.

**I. BACKGROUND**

On August 15, 2011, the Defendant pleaded guilty to one count of conspiracy to distribute 280 grams or more of cocaine base and a quantity of oxycodone in violation of 21 U.S.C. § 846. Written Plea of Guilty, ECF No. 95; Plea Agreement, ECF No. 96. The Court sentenced Defendant to 235 months of imprisonment and 5 years of supervised release. J., ECF No. 115. Defendant is currently held at a medium security federal correctional facility in Butner, North Carolina ("FCI Butner"). Defendant now moves for early release on the grounds that he is susceptible to severe health complications if he becomes infected with COVID-19 due to his multiple sclerosis diagnosis.

## II. DISCUSSION

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended Section 3582 and enabled courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. But before defendants may request such a reduction, defendants must ask the BOP to do so on their behalf. *See* 18 U.S.C. § 3582(c)(1)(A). If the BOP denies the defendant's request or does not respond within 30 days, the defendant may file a motion before the court. *Id*. If an inmate satisfies this administrative exhaustion requirement, courts may reduce the inmate's sentence if there are (1) "extraordinary and compelling reasons," (2) the defendant is "no longer a danger to the safety of any other person or to the community," and (3) release is consistent with the factors identified under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c); U.S.S.G. 1B1.13 (2018).

   a. **Exhaustion of Administrative Remedies**

The threshold issue is whether Defendant has exhausted his administrative remedies under Section 3582(c)(1)(A). Defendant requested compassionate release from FCI Butner on July 1, 2020 and filed this motion on September 3, 2020. Therefore, Defendant has exhausted his administrative remedies because the requisite 30 days has passed. The Court may now address the merits of his claim.

   b. **Extraordinary and Compelling Reasons for Release**

Under Section 3582(c)(1)(A)(i), as amended, courts have independent discretion to determine whether there are "extraordinary and compelling reasons" to reduce a defendant's sentence. Nevertheless, courts may consider the guidelines published by the United States Sentencing Commission ("USSC") and the BOP when exercising its discretion. According to the

USSC's Policy Statement, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP. U.S.S.G. 1B1.13 cmt. n.1(A)-(D).

Although the above guidance has not been updated to address the spread of a novel virus, Attorney General William Barr has twice issued memoranda addressing this scenario. In the March 26, 2020 memorandum, Barr provided a "non-exhaustive list of discretionary factors" for BOP to consider when reviewing inmates for suitability for home confinement.[1] This list includes the "age and vulnerability of the inmate to COVID-19, in accordance with the Centers for Disease Control and Prevention (CDC) guidelines," facts related to the condition and security of the facility, and the inmate's crime of conviction and assessment of danger. *Id*. In the April 3, 2020 memorandum, Barr directed the BOP to "maximize appropriate transfers to home confinement of all appropriate inmates" held at facilities "experiencing significant levels of infection."[2]

Recognizing the above guidance, several courts, including this one, have held that compassionate released is justified where both the defendant's health conditions and the facility conditions place defendant at a high risk of severe illness if he or she contracts COVID-19. *See e.g.*, *United States v. Wilson*, No. 2:18-cr-00295, 2020 U.S. Dist. LEXIS 132468, at *10 (S.D. W. Va. July 27, 2020). Applying this standard, the Court finds that although Defendant has significant

---

[1] Mem. from Att'y Gen. to Dir. BOP 1–2 (March 26, 2020), available at https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf (last accessed September 23, 2020).
[2] Mem. from Att'y Gen. to Dir. BOP 1–2 (April 3, 2020), available at https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement_april3.pdf (last accessed September 25, 2020).

health concerns, he has not shown that the conditions at FCI Butner create a high risk of infection.

Defendant's medical records show that he suffers from multiple sclerosis, a slowly progressing disease that can cause various symptoms. ECF No. 216. Defendant states that the disease has caused him blurred vision and poor balance and coordination due to muscle fatigue. Def.'s Mot. 3. However, these symptoms have not been identified by the CDC as increasing the risk of COVID-related health complications.[3] Defendant also states that he is taking a medication that suppresses his immune system. *Id*. at 4. Although this does increase his risk of complication if he contracts COVID-19, he has not shown that the conditions at FCI Butner create an elevated risk of contracting the virus.

When determining whether a facility's conditions create an elevated risk of contracting COVID-19, courts have considered the rate of infection among inmates and staff, the number of deaths associated with COVID-19, and the precautions the facility is taking to prevent the spread of the virus. *See, e.g.*, *United States v. Wilson*, No. 2:18-cr-00295, 2020 U.S. Dist. LEXIS 132468, at *10 (S.D. W. Va. July 27, 2020).

FCI Butner houses approximately 1,404 inmates.[4] As of September 23, 2020, only three inmates and zero staff have confirmed active cases of COVID-19. The government credits this low infection rate to the measures that it has taken to control the spread of the virus. These measures include: inmate social distancing; limiting movement and gathering of inmates to laundry, showers, telephone, and computer access; limiting staff travel; providing all inmates and staff with facemasks; testing all inmates who report symptoms; screening newly admitted inmates for symptoms and fevers; placing symptomatic and exposed inmates in isolation until they are cleared

---

3 *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, Center for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited September 23, 2020).
4 *FCI Butner Medium II*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/btf/.

by medical staff; and limiting visitor and contractor access to the facility. Resp. to Def.'s Mot. 2–6 (citations omitted). In light of the low infection rate and the various precautions taken by FCI Butner, the Court finds that Defendant has not established "extraordinary and compelling reasons" for the Court to reduce his sentence.

### III. CONCLUSION

For the reasons stated above, Defendant's motion for compassionate release is **DENIED**.

ENTER:      September 24, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE